```
                                                    FILED
                                          CLERK, U.S. DISTRICT COURT

                                              7/29/2022

                                         CENTRAL DISTRICT OF CALIFORNIA
                                         BY: ___JB___ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>RYAN YOONSUK KIM,<br><br>            Defendant. | CR    2:22-cr-00343-FLA<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1),<br>(b)(1)(A)(vi), (b)(1)(A)(viii):<br>Possession with Intent to<br>Distribute Controlled Substances;<br>18 U.S.C. § 924(c)(1)(A)(i):<br>Possession of a Firearm in<br>Furtherance of a Drug Trafficking<br>Crime; 21 U.S.C. § 853, 18 U.S.C.<br>§ 924(d): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

On or about November 18, 2020, in Los Angeles County, within the Central District of California, defendant RYAN YOONSUK KIM knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 519 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT TWO

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about November 18, 2020, in Los Angeles County, within the Central District of California, defendant RYAN YOONSUK KIM knowingly carried a firearm, namely, a Glock 43x 9mm pistol, bearing serial number BNEP663, during and in relation to, and possessed that firearm in furtherance of, a drug trafficking crime, namely, Possession with Intent to Distribute Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi), as charged in Count One of this Indictment.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about May 7, 2021, in Los Angeles County, within the Central District of California, defendant RYAN YOONSUK KIM knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 94.4 grams, of methamphetamine, a Schedule II controlled substance.

1                    FORFEITURE ALLEGATION ONE

2                       [21 U.S.C. § 853]

3      1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal

4  Procedure, notice is hereby given that the United States of America

5  will seek forfeiture as part of any sentence, pursuant to Title 21,

6  United States Code, Section 853, in the event of the defendant's

7  conviction of the offense set forth in Count One of this Indictment.

8      2.    The defendant, if so convicted, shall forfeit to the United

9  States of America the following:

10          a.    All right, title and interest in any and all property,

11  real or personal, constituting or derived from, any proceeds which

12  the defendant obtained, directly or indirectly, from such offense

13  including, but not limited to, $858.27 in U.S. currency that was

14  seized from defendant RYAN YOONSUK KIM's person on November 18, 2020;

15          b.    All right, title and interest in any and all property,

16  real or personal, used, or intended to be used, in any manner or

17  part, to commit, or to facilitate the commission of such offense;

18  and

19          c.    To the extent such property is not available for

20  forfeiture, a sum of money equal to the total value of the property

21  described in subparagraphs (a) and (b).

22      3.    Pursuant to Title 21, United States Code, Section 853(p),

23  the defendant, if so convicted, shall forfeit substitute property if,

24  by any act or omission of the defendant, the property described in

25  the preceding paragraph, or any portion thereof: (a) cannot be

26  located upon the exercise of due diligence; (b) has been transferred,

27  sold to, or deposited with a third party; (c) has been placed beyond

28  the jurisdiction of the court; (d) has been substantially diminished

in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), in the event of the defendant's conviction of the offense set forth in Count Two of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

a.    All right, title, and interest in any firearm or ammunition involved in or used in such offense, including, but not limited, to a Glock 43x 9mm pistol bearing serial number BNEP663;

b.    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[21 U.S.C. § 853]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of the defendant's conviction of the offense set forth in Count Three of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

        a.    All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense including, but not limited to, $877.00 in U.S. currency that was seized from defendant RYAN YOONSUK KIM's person on May 7, 2021;

        b.    All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense; and

        c.    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.    Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond

1  the jurisdiction of the court; (d) has been substantially diminished

2  in value; or (e) has been commingled with other property that cannot

3  be divided without difficulty.

4

5                                          A TRUE BILL

6

7                                          _____/S/_____

8                                          Foreperson

9  STEPHANIE S. CHRISTENSEN
   Acting United States Attorney

10

11

12 SCOTT M. GARRINGER
   Assistant United States Attorney

13 Chief, Criminal Division

14 DAVID T. RYAN
   Assistant United States Attorney

15 Deputy Chief, General Crimes
   Section

16

17 LYNDSI ALLSOP
   Assistant United States Attorney
   General Crimes Section

18

19

20

21

22

23

24

25

26

27

28